Case 4:26-cv-00541   Document 10   Filed 02/02/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 05, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OLMA ALSIDES GODOY REYES, A# 233 021 479 | § § § |
| Petitioner, | § § |
| vs. | §  CIVIL ACTION NO. H-26-541 |
| BRET BRADFORD, *et al.*, | § § § |
| Respondents. | § § |

**ORDER**

The petitioner, Olma Alsides Godoy Reyes, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Godoy Reyes's petition[1] (Docket Entry No. 1) and denies the motion to dismiss (Docket Entry No. 8).

As this court and other courts have articulated in numerous decisions, Godoy Reyes is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g., Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v.*

---

[1] Godoy Reyes seeks attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (*See* Docket Entry No. 1). The court is sympathetic to this request, but the court is bound by Fifth Circuit precedent which does not authorize attorney's fees for successful petitions brought under 28 U.S.C. § 2241. *See Barco v. White*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024). The request for attorney's fees and costs is denied.

*Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. The court also notes that a district court in the Central District of California certified a class of petitioners similarly situated to Godoy Reyes; granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Godoy Reyes's position; and entered a final judgment so declaring. *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The court has found no reason to depart from its prior decisions, the class-action judgment from which the petitioner benefits, or the decisions of dozens of other courts.[2]

The respondents must provide Godoy Reyes with a bond hearing under § 1226(a) by **February 9, 2026,** or release him. The parties are to update the court on the status of his bond hearing no later than **February 12, 2026.**

SIGNED on February 2, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[2] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3. That the petitioner has not yet requested bond does not change this court's conclusions as to exhaustion and the appropriate relief. *See Flores Perez v. Noem*, No. 2:25-cv-2920, 2025 WL 3532430, at *3 (N.D. Tex. Nov. 14, 2025), *R&R adopted*, 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025).